UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE HEARD,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | No. CV 11-2271 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

      Plaintiff Donald Lee Heard filed a complaint on March 24, 2011.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on April 12 and 18, 2011.  (Dkt. Nos. 8, 9.)  On March 6, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court reverses the decision of the Commissioner and remands the matter for an award of benefits.

# I.

# **PROCEDURAL BACKGROUND**

On March 6, 2008, Heard filed an application for supplemental security income benefits and alleged an onset date of July 15, 2006. Administrative Record ("AR") 21, 140-46. The application was denied. AR 21. Heard requested a hearing before an Administrative Law Judge ("ALJ"). AR 89. On July 10, 2009, an ALJ conducted a hearing at which Heard, his mother, and a vocational expert testified.[1] AR 29-75. On October 5, 2009, the ALJ issued a decision denying benefits. AR 21-28. On December 6, 2010, the Appeals Council denied the request for review. AR 4-6. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

---

[1] The May 6, 2009 hearing was postponed to allow Heard to find counsel. AR 80.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Heard has the severe impairments of seizure disorder, depressive disorder, and back pain. AR 23. Heard has the residual functional capacity to perform the full range of medium work. He can lift and carry 50 pounds occasionally and 25 pounds frequently. He can sit, stand and walk for 6 hours out of an 8 hour day. He cannot work around heights, dangerous machinery, fumes, odors, dusts, or gases. He is limited to performing one-to-two step job instructions. AR 24. He is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform, such as hand packager and sandwich maker. AR 27-28.

### C. Treating Physician

Heard contends the ALJ did not properly evaluate the opinion of Dr. Ortega, a treating psychiatrist.

An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotation marks omitted).

The ALJ rejected the treating psychiatrist's opinion because it was "not supported by the medical record." AR 25. The ALJ's finding is not supported by substantial evidence.

Dr. Ortega, with K. Carter, LCSW, filled out a Mental Impairment Questionnaire on December 1, 2008. AR 577-80. Dr. Ortega and Carter saw Heard regularly during the period March 2008 through June 2009. AR 584-615. On March 11, 2008, Carter met with Heard and noted that his mood and affect were sullen, flat and depressed. Heard, however, denied depression and stated that he felt good. Heard admitted to audiovisual hallucinations, paranoid thoughts, and feeling as though people were touching him. AR 606. On April 10, 2008, Carter noted that Heard's mood and affect were depressed and solemn. Heard complained of continuing to hear voices "slightly." AR 603. The voices told him to take pills and, during another incident, to pour detergent on everything. He did not do what the voices told him. *Id.* On April 22, 2008, Heard reported that he did not hear voices but saw shadows all of the time and was unable to sleep. AR 602. On May 30, 2008, Carter noted no depression. AR 598. He last heard voices on May 26 after seeing an accident, and continued to see shadows. *Id.* In July and August 2008, Carter noted no paranoia, anxiety or voices. AR 595-96. On October 27, 2008, however, Carter again noted depression and a hallucination in which Heard saw himself walking with his son's mother (who died in 2003) in the park. AR 592. Carter noted that Heard made no eye contact, was moody, and isolated from others. *Id.*

The record contains Dr. Ortega's evaluation dated March 2008. Dr. Ortega diagnosed schizoaffective disorder and cocaine dependence, in remission. He assessed a Global Assessment of Functioning ("GAF") score of 48.[2] AR 614. On the

---

[2] A GAF of 41-50 indicates serious symptoms or any serious impairment in social, occupational or school functioning, such as being unable to keep a job. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th

mental status examination, Dr. Ortega noted slow motor activity. AR 613. Heard poorly maintained concentration, attention and persistence. AR 614. Heard was recommended for SSI. *Id.* Dr. Ortega noted that Heard required a significant degree of assistance to perform activities of daily living. Heard was severely impaired in his ability to concentrate, complete tasks and communicate effectively. He would not be reliable in carrying out simple repetitive tasks. Dr. Ortega opined that it was unlikely Heard could maintain employment. *Id.*

In September 2008, Dr. Ortega noted that Heard reduced his medications after the voices went away and he thought he was cured. AR 593. The voices returned. Heard's mood and affect remained depressed and constricted. *Id.* Dr. Ortega diagnosed schizoaffective disorder and a GAF of 45. AR 593-94. Dr. Ortega's functional assessment remained the same. AR 594.

In December 2008, Dr. Ortega diagnosed Heard with a schizoaffective disorder and a GAF of 45. AR 577. Results of mental status examination indicated poor concentration, audiovisual hallucinations, limited insight, and limited conversation with short answers. *Id.* Heard showed signs of psychomotor agitation or retardation, flat affect, mood disturbance, and paranoid thinking. AR 578. Dr. Ortega assessed extreme limitations in activities of daily living, social functioning, and maintaining concentration, persistence or pace. AR 579. Heard would likely be absent from work more than four days per month due to his impairments or treatment. AR 580.

Dr. Ortega's assessment is consistent with Heard's preceding medical records. While at a sober living facility, Heard was diagnosed with adjustment disorder with mixed anxiety and depressed mood, and polysubstance dependence in remission. AR 271. Heard's GAF was consistently in the high 40s after 2006. AR 271, 363, 376, 516-18,

---

ed. Text Revision 2000) ("DSM IV-TR"). A GAF is not determinative of mental disability for Social Security purposes. *See* 65 Fed. Reg. 50,746, 50,765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings.").

520, 523-25, 529.  The notes indicate Heard had flat affect, poor eye contact, and gave one-word answers.  AR 517, 524-25.

The ALJ cited Dr. Ortega's April 10, 2009 mental status examination in which Heard reported that he was compliant with medications and that the voices were "in and out but not reg. like they used to" be.  AR 25, 585.  Heard's affect remained constricted, and his GAF remained 45.  AR 585-86.  Although the ALJ could reasonably infer that Heard's condition improved with medications, the examination does not provide a basis on which to reject Dr. Ortega's opinions.  The fact that a claimant who suffers from schizoaffective disorder makes some improvement does not necessarily mean that his impairments no longer affect his ability to function in the workplace.  *See Ryan v. Comm'r of Social Security*, 528 F.3d 1194, 1201 (9th Cir. 2008).  As discussed above, the longitudinal history of Heard's medical records indicate consistent assessments even when Heard was compliant with medications.

Because the ALJ failed to set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Ortega's opinion, that opinion must be credited on remand.  *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).  Because the record is fully developed and no purpose would be served by further administrative proceedings, this case is remanded for an award of benefits.  *See Brewes v. Commissioner*, 2012 U.S. App. LEXIS 12064, *17 (June 14, 2012).

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for an award of benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 19, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge